**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OCCUNET, LLC, a Texas Limited Liability Company, d/b/a/ Fairos FairosRX,<br><br>Plaintiff,<br><br>v.<br><br>ATHENA HEALTH CARE SYSTEMS,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Cause No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

NOW COMES Plaintiff, OCCUNET, LLC, a Texas Limited Liability Company, d/b/a Fairos FairosRX ("OccuNet" or "Plaintiff"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, and for its Complaint against Defendant ATHENA HEALTH CARE SYSTEMS.("Athena" or "Defendant"), alleges and states as follows:

### I. Parties

1. Plaintiff, OccuNet is a Texas limited liability company with its principal place of business in the State of Texas.

2. On information and belief, Defendant Athena is a Connecticut company with its principal place of business located Farmington, Connecticut.

### II. Jurisdiction and Venue

3. This Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, OccuNet seeks to recover approximately $2,000,000 from Athena for unpaid fees under the parties' written contract, which exceeds the jurisdictional minimum for federal court diversity

jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b), because all of the defendants reside in and are residents of this District.

### III. Factual Allegations

5. On or about August 27, 2024, OccuNet and Athena entered into a contract titled, "OccuNet Services Agreement for Claims Negotiations" ("Services Agreement" or the "Agreement"). A copy of the Services Agreement is attached as Exhibit 1.

6. As stated in the Services Agreement, OccuNet is in the business of providing claims negotiation and pricing for medical services claims on behalf of Payers through agreements with providers or via pricing recommendations.

7. As stated in the Services Agreement, Athena or "Payer" provides medical benefits to eligible Plan Participants and sought, through the Agreement, to use OccuNet's services to reduce claims costs.

8. Under the Services Agreement, OccuNet promised to review claims submitted by Athena and to provide pricing recommendations based upon any available Provider Agreement, Single Case Agreement, other contractual agreement with a Provider, or if those are unavailable, provide a pricing recommendation to Athena and/or its TPA using historical payment data or other databases or information.

9. OccuNet would send re-pricing of medical billing to Athena and or its TPA within fourteen (14) days of receipt by OccuNet.

10. Under the Services Agreement, Athena promised to name OccuNet as a party to the escrow account established for the payment of fees and claims so that the account would require that OccuNet provide advance approval before any funds are disbursed from that account.

11. Athena also agreed, under the Services Agreement, that OccuNet would have priority to the escrow funds over all other claimants except for medical claim payments which were to be disbursed from the account.

12. OccuNet further agreed to provide Athena, as Payer, and or its TPA with copies of all negotiated contracts from the account only after confirming that the escrow account has funds sufficient to pay the claims and OccuNet's fees.

13. Under the Services Agreement, Athena, as Payer, shall pay OccuNet a fee of 25% of the Savings on all claims submitted to OccuNet.

14. The Services Agreement defined "Savings" as "the difference between the gross billed charges and the negotiated payment amount provided by OccuNet."

15. The Services Agreement further defined "Savings" for all submitted claims for which a PPO Network has already provided Payer with pricing, as "the difference between the allowable amount provided by a PPO Network and the negotiated payment amount provided by OccuNet."

16. Athena, as Payer, acknowledged under the Services Agreement "that Payment is due even if Payer later denies the claim for any reasons, is unable or willing to fund the claim, or rejects OccuNet's pricing but then later pays the claim."

17. OccuNet performed substantial claim review repricing services under the Services Agreement amounting to approximately $10,000,000 reviewed charges for medical expenses.

18. OccuNet has, on more than one occasion, notified Athena that it is in material breach of its obligations under the Services Agreement.

19. Athena, as Payer under the Services Agreement, refused to pay OccuNet any money whatsoever for the services OccuNet rendered under the Services Agreement.

20. As a result of Athena's material breach of the Services Agreement and refusal to pay OccuNet any money for the services OccuNet rendered under the Services Agreement, OccuNet sustained damages of approximately $2,000,000.

21. Athena has engaged in knowing, purposeful neglect or refusal to honor its obligations under the Services Agreement, evading the spirit of the bargain under the Services Agreement, which resulted in OccuNet sustaining damages of approximately $2,000,000.

22. Had OccuNet known that Athena would pay nothing for the services OccuNet was to render under the Services Agreement, OccuNet would not have contracted with Athena and, instead, it would have engaged in other opportunities with health plans needing OccuNet's pricing services.

### Count I – Breach of Contract

23. OccuNet incorporates by reference its allegations in paragraphs 1-22 above as though fully stated herein.

24. OccuNet and Athena entered into a valid written contract by executing the Services Agreement.

25. OccuNet performed under the Services Agreement by providing review of millions of dollars in health benefit claims submitted by Athena to OccuNet, and by providing pricing recommendations to Athena.

26. Athena, as Payer under the Services Agreement breached its obligations by failing to make any payment to OccuNet as required under the contract's terms and conditions.

27. Such breach by Athena, was a material breach to the Services Agreement, causing OccuNet to sustain approximately $2,000,000 in damages.

**WHEREFORE**, Plaintiff, OCCUNET, LLC, a Texas Limited Liability Company, d/b/a

Fairos FairosRX ("Plaintiff"), prays for the following relief:

    a. That this Court enter judgment in favor of Plaintiff and against Defendant;

    b. That this Court award Plaintiff its reasonable costs and attorney fees; and

    c. That this Court enter an Order for such other legal and/or equitable relief as may be just and appropriate.

## Count II – Breach of the Covenant of Good Faith and Fair Dealing

28. OccuNet incorporates by reference its allegations in paragraphs 1-27 above as though fully stated herein.

29. A duty of good faith and fair dealing is a covenant implied into the Services Agreement and the parties' contractual relationship.

30. The Services Agreement includes an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement.

31. Athena engaged in acts of knowing, purposeful neglect or refusal to honor its obligations under the Services Agreement, which evade and frustrate the very spirit of the bargain under the Services Agreement.

32. By affirmatively refusing to pay OccuNet any money for the services it rendered under the Services Agreement, Athena took the benefit of OccuNet's pricing recommendations (totaling $10,000,000 in repriced claims for health benefits), while having no intention of ever paying OccuNet.

33. Athena's conduct, as alleged in paragraphs 1-32 above, constitutes bad fair and unfair dealing, which resulted in Athena impeding OccuNet's right to reasonably expect to receive the benefits of payment for its services under the Services Agreement.

**WHEREFORE**, Plaintiff, OCCUNET, LLC, a Texas Limited Liability Company, d/b/a

Fairos FairosRX ("Plaintiff"), prays for the following relief:

    a. That this Court enter judgment in favor of Plaintiff and against Defendant;

    b. That this Court award Plaintiff its reasonable costs and attorney fees; and

    c. That this Court enter an Order for such other legal and/or equitable relief as may be just and appropriate.

    Respectfully submitted,

THE PLAINTIFF
OCCUNET, LLC, a Texas Limited Liability Company, d/b/a/ Fairos FairosRX

By   */s/ Steven J. Zakrzewski*
    Steven J. Zakrzewski, Esq.
    Gordon Rees Scully Mansukhani, LLP
    One Financial Plaza
    755 Main Street, Suite 1700
    Hartford, Connecticut 06103
    Tel: 860-494-7511
    Fax: 860-560-0185
    szakrzewski@grsm.com